WARD, Judge.
Associates Financial Services of America, Inc. (“Associates”) intervened in fore *965 closure proceedings instituted by T. Cvita-novich Seafoods, Inc. (“TCSI”) against Mr. and Mrs. Campo. Mr. and Mrs. Campo executed a first mortgage in favor of TCSI and a second mortgage in favor of Associates. Associates is seeking to protect its claims under its mortgage and disputes the amount claimed by TCSI as interest and attorney’s fees on the first mortgage. Additionally, Associates seeks a ranking of its second mortgage before interest and attorneys fees of TCSI’s first mortgage.
TCSI proceeded via ordinaria to foreclose on the mortgage which was a collateral mortgage executed by Mr. and Mrs. Cam-po. Following a trial on the merits of the foreclosure, the trial court dismissed TCSI’s suit. On appeal this Court in an unreported opinion[1] reversed the trial court and upheld TCSI’s first mortgage. 575 So.2d 954. This court rendered judgment in favor of TCSI in the amount of $25,000 and awarded judicial interest from date of demand, reasonable attorney’s fees, and costs.
After Associates filed its intervention, in ruling on the ranking, the trial court held that Associates’s mortgage was inferior to TCSI’s in all respects — principal, interest and attorney’s fees.
Associates contends the trial court erred and argues that TCSI’s claims under the collateral mortgage should be limited to the principal, $25,000, and reasonable attorney’s fees of $5000, or $30,000 total. After TCSI receives $30,000, Associates claims it is entitled to payment until its mortgage is satisfied. Associates’s argument goes to an interpretation of TCSI’s collateral mortgage, the collateral mortgage note, and the hand note that it secures. Associates contends, first, that TCSI cannot recover judicial interest after demand because those notes do not provide for payment of interest, and secondly, as a consequence TCSI’s attorney’s fees are limited to 20% of the principal amount only, $5,000, instead of the $7,500 awarded by the trial court as attorney’s fees on both principal and interest.
TCSI, its president and agent, Thomas Cvitanovich, are buyers and wholesalers of seafood. One of TCSI’s suppliers was Merlin Campo, who purchased seafood for resale to wholesalers, including TCSI. In the course of their business relationship, TCSI advanced money to Campo to purchase seafood. As security for this arrangement, Mr. and Mrs. Campo executed and transferred to TCSI a collateral mortgage note in the amount of $25,000, payable to bearer on demand and dated April 15, 1980. A promissory note and “a hand note” were executed on October 6, 1983.
The collateral mortgage note and the hand note are demand notes, and each are “fill in the blanks” form notes with a space to be filled in to designate the amount of interest. The collateral mortgage notes states “with no interest from date until paid at the rate of none per centum per annum; interest and principal payable as follows, to-wit: on demand.” The hand note says “with interest from 10/6/83 until paid at the rate of 0 per centum per annum; interest and principal payable as follows, to-wit: on demand”.
Associates and TCSI agree that any claim for judicial interest must rest on C.C. art. 2000.
Art. 2000 Damages for delay measured by interest; no need of proof; attorneys fees
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by Article 2924. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more. If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee’s attorney fees in a fixed or *966 determinable amount, the obligee is entitled to that amount as well. (Emphasis added).
Associates and TCSI also agree that the resolution of this dispute turns on the interpretation of the phrase “in the absence of agreement” above. But Associates argue that TCSI cannot claim interest under art. 2000 because there exists an agreement as to interest in the mortgage contract. In other words, Associates argues that when the collateral mortgage note says “none” this means that there exists a contractual agreement that the mortgagor is not required to pay mortgagee interest. And because there is an agreement, TCSI cannot recover legal interest because art. 2000 is not applicable as it would be “in the absence of agreement".
On the other hand, TCSI contends that the word “none” and the figure ‘0’ means that there is an absence of an agreement as to payment of interest, hence TCSI may recover legal interest as damages.
Our interpretation of the mortgage contract makes a choice between one or the other interpretations unnecessary. We interpret the mortgage note and the hand note to mean that TCSI and Mr. and Mrs. Campo agreed mortgagors would not pay interest until demand for payment. We do not believe the parties contemplated default, and therefore, there was no agreement as to interest after default. And “in the absence of agreement”, Mr. and Mrs. Campo were obligated to pay from date of demand when they defaulted. In this ease there is virtually no difference between the formal demand and judicial demand, and hence we will use the date of judicial demand.
The same Civil Code article, C.C. 2000, addresses attorney fees. A mortgagee is entitled to an award of attorney fees, “if the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee’s attorney’s fees in a fixed or determinable amount.” La. Civil Code art.2000. The collateral mortgage says the fee “is hereby fixed at twenty per cent on the amount due or sued for or claimed or sought to be protected, preserved or enforced.” TCSI contends that it is entitled to attorneys fees on both principal and interest, but under our holding above it was not entitled to interest until demand, and under the language of the mortgage itself it is entitled to attorneys fees only on the amount demanded when it filed suit. In its suit TCSI could only demand the principal, $25,000, because no interest was due at the time. Therefore attorneys fees are limited to 20% of $25,000 or $5,000. The trial court erred in assessing $7,500 in attorney’s fees.
Therefore, we affirm the trial court’s ruling that judicial interest is owed from judicial demand, and it is secured by the collateral mortgage; we amend the judgment to reduce attorney’s fees to $5,000, and hold that it too is secured by the collateral mortgage. As a consequence, both have preference over Associates’s second mortgage.
AMENDED AND AFFIRMED
LANDRIEU, J., dissents with reasons.

. T. Cvitanovich Seafoods, Inc. v. Margaret (A/ K/A Margurita) Marie Mackles, wife of/and Merlin Campo, 575 So.2d 954 (1991).